UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| JAMIE ALLEN PERRYMAN, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No.: 4:18-cv-00043 |
| ) | REEVES/GUYTON |
| AUSTIN SWING, MARY WEST, CHAP., ) | |
| LT., SGT., and CORRECTIONAL ) | |
| OFFICERS, ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION

This is a pro se prisoner's complaint filed under 42 U.S.C. § 1983. For the reasons set forth below, this action will be **DISMISSED** pursuant to Rule 41(b).

On July 5, 2018, the Clerk sent Plaintiff a notice of change of address providing that that "[i]t is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently" and that failure to provide such a notice within fourteen days of the change of address may result in dismissal of the case [Doc. 3]. On July 13, 2018, the Court received a letter from Plaintiff indicating that he had no change of address at that time and would notify the Clerk if he did [Doc. 4 p. 1]. On January 14, 2019, however, the Court entered an order granting Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 5], which the United States Postal Service ("USPS") returned as undeliverable [Doc. 6].

Subsequently, on June 24, 2019, the Court entered a memorandum and order screening the complaint and providing that Plaintiff had twenty days from the date of entry thereof to return completed service packets for the remaining Defendants in this case [Doc.7]. Therein, the Court

noted that the USPS had returned the mail containing its previous order as undeliverable, updated Plaintiff's address to an address that the Court identified through a search of the Tennessee Department of Correction's Felony Offender Information database, and warned Plaintiff that if he failed to timely comply with that order, the Court would dismiss this action [*Id.* at 1 and 4]. More than thirty-five days have passed since entry of this order, however, and Plaintiff has not complied therewith or otherwise communicated with the Court.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to comply with the Court's order or file an updated address with the Court is due to Plaintiff's willfulness and/or fault. Specifically, it is apparent that Plaintiff was aware of the requirement that he notify the Court regarding a change of address, but chose not to comply therewith. Further, while it appears that Plaintiff received the Court's June 24, 2019, order that the Court sent to an updated address that the Court identified for Plaintiff through the Tennessee Department of Correction's Felony Offender Information

database, he has not complied therewith or otherwise contacted the Court. As such, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants.

As to the third factor, both the Clerk and the Court warned Plaintiff that the Court would dismiss this case if he failed to update his address in a timely manner and/or failed to comply with the Court's orders [Doc. 3 p. 1; Doc. 5 p. 2; Doc. 7 p. 4].

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Plaintiff was a prisoner proceeding *in forma pauperis* in this case [Doc. 7] and Plaintiff is not complying with Court orders or communicating with the Court.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of this action pursuant to Rule 41(b).

The Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE ORDER WILL ENTER.**

**SO ORDERED**.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**